FORET, Judge.
The City of Natchitoches, a municipal corporation (“City”), filed suit against Valley Electric Membership Corp. (“VEMCO”), a Louisiana rural electric co-operative seeking to enjoin VEMCO from constructing certain electrical lines within the city limits of Natchitoches. The trial court granted a *60 permanent injunction prohibiting VEMCO from constructing any electric lines or facilities, or placing any equipment, within the municipal limits of the City. From this adverse ruling, VEMCO has perfected a de-volutive appeal.
This suit was filed December 8, 1977, after the City learned that VEMCO was constructing an electric line along Louisiana Highway 1 Bypass South (La. Hwy. 3110). This line is partially within the city limits, but no permit or permission was obtained from the City. In addition, the City alleges such action by VEMCO was done after notice to VEMCO by the City of its objection.
Upon learning of the construction by VEMCO along Highway 3110, Mayor Robert W. DeBlieux of the City of Natchitoch-es, wrote to Mr. Richard Mills, VEMCO’s manager, advising him that the City, relying on the provisions of La.R.S. 33:4406[1], would not allow any expansion, improvements, or alterations other than normal maintenance, of VEMCO’s facilities without specific written approval of the City. VEMCO advised the City that its line was in substitution of an existing power line running through the City and contended that VEMCO did not need City permission as its line was within the right-of-way of the State highway and that it had obtained permits for the use and occupancy of the right-of-way of the State highway from the Louisiana Department of Highways as provided for in La.R.S. 48:381A(2)[2].
At trial on the injunction, the City’s request for a permanent injunction was granted, the trial court holding that VEM-CO had failed to get permission from the City as required by La.R.S. 33:4406 before beginning construction of this electrical line and ordered that it be dismantled; additionally, a general injunction on VEMCO’s activities within the city limits was granted.
Prior to this matter having been orally argued before us and submitted for decision, plaintiff and defendant entered into a compromise agreement setting at rest their dispute involving the electric line constructed by VEMCO along Louisiana Highway 1 Bypass South, said line extending from Highway 1 South to Highway 6 West. The compromise agreement, by a joint stipulation of counsel, has been made a part of this record. The compromise agreement is clear that no further dispute exists between the parties as to the electric line constructed or to be constructed by VEMCO on the geographical location above mentioned. Therefore, it is no longer an issue as to whether or not the trial court was correct in ordering a mandatory injunction ordering VEM-CO to dismantle the electric line which it had built along the Louisiana Highway 1 Bypass, within the city limits of Natchitoch-es.
We thus pretermit a decision as to whether an injunction was justified in this particular situation and dissolve the existing injunction.
As to the permanent injunction over all of VEMCO’s activities in the City granted by the trial court, we refer the parties to our opinion in Town of Coushatta v. Valley Electric Membership Corporation, 139 So.2d *61 822 (La.App. 3 Cir. 1962). In a similar factual situation involving the same defendant as the present case, an injunction was sought to prevent VEMCO from attempting to serve additional customers within the city limits of Coushatta in derogation of the rights of an established electrical franchisee; however, there was no showing that VEMCO was actually seeking business in the proscribed area. We stated (on rehearing) that although “injunctions lie to prohibit a threatened violation, there must be a real threat and not a mere possibility thereof” (pg. 831).
As previously noted there no longer exists a present dispute between the parties requiring an injunction and we therefore reverse the ruling of the trial court and dissolve the existing injunction.
Costs of this appeal are assessed against VEMCO and the City of Natchitoches, equally.
REVERSED.

. § 4406. Restriction on new construction; public convenience and necessity as ground tor franchise or permit
No public utility shall begin the construction of any new plant, equipment, property, or facility, which is not in substitution of an existing plan, property, equipment, or facility, nor shall it make any extension or addition to any existing plant, property, equipment, or facility which will cost over two per cent of the rate-making value of the property at the time the extension or addition is made, nor shall any indeterminate permit or franchise be granted, unless and until the governing authority of the city certifies that public convenience and necessity require the same. The governing authority of such city shall be the sole and final judge of what the public convenience and necessity require, in every case.

. § 381. Use and occupancy of highways
A. When not inconsistent with the purposes of state highways, the assistant secretary, office of highways may issue permits for the use and occupancy of the rights of way of state highways as follows:
[[Image here]]
(2) For the installation, operation and maintenance of overhead cables, conduits or wires, together with appropriate supporting structures, for the transmission of telephone or telegraph messages or electric current for any purpose.